# EXHIBIT A

3/12/2021 12:26 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-001139
Jessica A. Limon

CAUSE NO. **D-1-GN-21-001139**

| | | |
|---|---|---|
| JUAN IBARRA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| WEINBERG INTERCOASTAL PLUMBING INC. | § § § | |
| Defendant. | § § | **353RD** JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

Juan Ibarra ("Plaintiff" or "Mr. Ibarra") files his Original Petition against Weinberg Intercoastal Plumbing Inc. ("Defendant" or "Weinberg") as follows:

#### I. DISCOVERY

Plaintiff intends to conduct discovery under Level 2 of TEX. R. CIV. P. 190.

#### II. NATURE OF ACTION

1. This is a negligence and gross negligence cause of action. Because of Defendant's negligence, Plaintiff sustained debilitating injuries when using a Milwaukee Grinder provided by Defendant, while performing work for Defendant.

#### III. PARTIES

2. Plaintiff is an individual who resides in Travis County, Texas, and is a resident of Texas.

3. Defendant is a corporation that does business in the State of Texas and Travis County. Pursuant to Tex. Civ. Prac. & Rem. Code §§ 17.044 and 17.045, because Weinberg is a nonresident who engages in business in Texas, but has not designated or maintained a resident agent for service of process in this state, the Texas Secretary of State is an agent for service of process on this Defendant, and service of process may be obtained over this Defendant by serving

process on the Secretary of State. Once process is served on the Texas Secretary of State, the Secretary of State is requested to immediately mail a copy of the process by registered mail or by certified mail return receipt requested to the Defendant's home office as follows:

> Bobby Weinberg
> Weinberg Intercoastal Plumbing Inc.
> 654 Old Draketown Trail
> Villa Rica, Georgia 30180

Additionally, the Secretary of State is requested to immediately mail a copy of the process by registered mail or by certified mail return receipt requested to Defendant's CEO's residence as follows:

> Bobby Weinberg
> 2573 Travis Hill Drive
> Carrollton, Georgia 30116

## IV.   JURISDICTION AND VENUE

4. Venue is proper in Travis County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Travis County, Texas.

5. This Court has subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional amount of this Court.

## V.   FACTUAL BACKGROUND

6. On or about February 9, 2021, Plaintiff was performing work at an Omni Hotel, located in Travis County, Texas ("the Site" or "the Premises"). That day, Plaintiff was performing work for Defendant and directed by Defendant to utilize a Milwaukee Grinder to cut overhead pipe, while standing on a portable ladder. In doing this work, Mr. Ibarra severely lacerated his forearm, and sustained permanent nerve damage ("the Incident").

## VI. NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT

7. Plaintiff incorporates all factual allegations made above.

8. Defendant failed to do that which a person of ordinary prudence would have done under the same or similar circumstances or did that which a person of ordinary prudence would not have done under the same or similar circumstances.

9. For example, but without limitation, Defendant was negligent by failing to:

   a. institute and enforce proper and effective safety programs, instruction, supervision and training;

   b. properly warn and instruct Plaintiff;

   c. provide proper and effective equipment to allow Plaintiff to safely perform his work;

   d. inspect and maintain equipment in a safe operating condition;

   e. provide Plaintiff with a safe work place; and

   f. other acts and omissions to be proven at trial.

10. Each of the above-listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence/ "malice." Defendant's acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Therefore, Defendant's conduct amounts to gross negligence for which Defendant is liable for exemplary damages.

11. Defendant's negligence and gross negligence described herein proximately caused Plaintiff's injuries.

## VII. CAUSATION AND DAMAGES

12. Plaintiff incorporates all factual allegations made above.

13. As a proximate result of Defendant's negligent acts and/or omissions, Plaintiff has suffered in the past and will continue to suffer in the future: medical, nursing and life-care expenses; loss of earning capacity; loss of his own household services; pain and suffering; mental anguish; emotional distress; physical impairment; loss of enjoyment of life; and permanent disfigurement.

14. Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## VIII. ALTERNATIVE PLEADINGS

15. To the extent facts and/or causes of action pled in this Original Petition are in conflict, they are pled in the alternative.

## IX. JURY DEMAND

16. Plaintiff demands a trial by jury on all of his claims.

## X. RULE 193.7 NOTICE

17. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by Defendant in response to any discovery request may be used at any pretrial proceeding or in the trial of this matter.

## XI. PRESERVING EVIDENCE

18. Plaintiff request that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the Incident made the basis of this lawsuit or the damages resulting therefrom, including without limitation surveillance video capturing the Incident.

19. Failure to maintain such evidence will constitute "spoliation" of the evidence.

## XII.     REQUEST FOR DISCLOSURES

20.     Plaintiff requests that Defendant provide Plaintiff with the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure at the office of the undersigned counsel within fifty (50) days of service of this document.

## XIII.     PRAYER

21.     Plaintiff prays that judgment be entered against Defendant for the following:

    a.     actual damages;

    b.     all costs of court expended herein;

    c.     pre-judgment and post-judgment interest at the maximum rate allowed by law;

    d.     exemplary/punitive damages; and

    e.     all other relief to which Plaintiff is justly entitled.

Dated: March 12, 2021
Houston, Texas

      Respectfully submitted,

      CEDILLOS LAW FIRM, PLLC

      By: _____
      J. Moises Cedillos
      State Bar No. 24080828
      3801 Kirby Dr., Suite 510
      Houston, Texas 77098
      (832) 900-9456
      (832) 900-9456 (fax)
      moises@cedilloslaw.com

      ATTORNEY FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jocelyn Pineda on behalf of J. Moises Cedillos
Bar No. 24080828
info@cedilloslaw.com
Envelope ID: 51425477
Status as of 3/17/2021 2:54 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jocelyn Pineda | | jocelyn@cedilloslaw.com | 3/12/2021 12:26:11 PM | SENT |
| Jocelyn Pineda | | info@cedilloslaw.com | 3/12/2021 12:26:11 PM | SENT |
| J. Moises Cedillos | | moises@cedilloslaw.com | 3/12/2021 12:26:11 PM | SENT |